UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LANCE RICHARD BROCK *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:24-cv-00306-CEA-CHS |
| ) | |
| OXFORD HOUSE WORLD WIDE *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I.      Introduction**

Plaintiff[1] Lance Richard Brock claims he was "discriminated against and retaliated against." [Doc. 2 at 1]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 11]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED**.

**II.      Background**

Plaintiff filed this suit against eight defendants on September 11, 2024, alleging illegal discrimination "against my job, my religion, my social class." [Doc. 2 at 2]. Plaintiff seeks "$500,000,000,000 billion in gold backed or silver against U.S. currency, 500 billion in United

---

[1] Plaintiff Brock also includes "A Brock Development" and "First Church of Anunnaki" as named plaintiffs in his Complaint. However, Plaintiff's factual allegations pertain solely to himself and do not so much as mention these other two plaintiff entities. Therefore, the Court will focus on Plaintiff Brock as the sole originator of the Complaint.

States currency," and "safe housing room and board until issue is settled." [*Id.* at 3]. Plaintiff also states that "they are attempting to kill royal line through CADAS family [illegible]."[2] [*Id.*].

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

---

[2] Plaintiff's writing is quite illegible and all quotations from the Complaint represent the Court's best attempt to accurately convey the content of the Complaint without getting bogged down with unending corrections.

enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Analysis

Plaintiff's Complaint [Doc. 2] is a rambling, almost indecipherable, hodgepodge of conclusory allegations and wild requests for relief. Plaintiff's claims of discrimination do not have sufficient factual support, nor do they sufficiently identify which defendants were involved in various incidents. Further, Plaintiff does not clearly identify statutes or constitutional provisions that his claims arise under. Construed very liberally,[3] Plaintiff's Complaint presents a Title VII claim for religious discrimination. [Doc. 2 at 2]. However, Plaintiff provides no facts showing that any of Defendants took any actions that were related to any religious belief or practice. Finally, the frivolousness of Plaintiff's Complaint is well-illustrated by his demands for absurd monetary damages, "housing room and board," and his statement about someone attempting to "kill [the] royal line." It is also illustrated by the inclusion of the two entity plaintiffs who subsequently go entirely unmentioned in Plaintiff's factual allegations.

Plaintiff's Complaint does not give any of Defendants fair notice of what the claims are or the ground upon which they rest. Rather, the Complaint is wholly inadequate and frivolous.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff does not state a claim upon which relief can be granted. Therefore, it is hereby **RECOMMENDED**[4] that this action be **DISMISSED**.

---

[3] And sandwiched between other wholly nonviable claims.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).